FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SIMEON O., on behalf of T.O., a minor child,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>Defendant. | No. 4:19-CV-05003-JTR<br><br>REPORT AND RECOMMENDATION TO GRANT, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMAND FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 12. Attorney Chad Hatfield represents Simeon O., who appears on behalf of his minor son, T.O. (Plaintiff); Special Assistant United States Attorney Benjamin Groebner represents the Commissioner of Social Security (Defendant). The parties have not consented to proceed before a magistrate judge. After reviewing the administrative record and briefs filed by the parties, the Court **RECOMMENDS** granting, in part, Plaintiff's motion for summary judgment,

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* Fed. R. Civ. P. 25(d).

REPORT AND RECOMMENDATION . . . - 1

denying Defendant's motion for summary judgment, and remanding the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for child's Supplemental Security Income on March 3, 2015, alleging disability since July 1, 2012 based on ADHD, mood disorder, PTSD, speech and language concerns, fractured skull, and social delay. Tr. 28, 44.[2] The application was medically approved in April 2015. Tr. 49-50. On May 13, 2015, the payment of benefits was denied based on Plaintiff's excess resources. Tr. 58. The denial was affirmed upon reconsideration. Tr. 75. Administrative Law Judge (ALJ) Gordon Griggs held a hearing on April 6, 2016, Tr. 101-19, and issued an unfavorable decision on July 29, 2016, Tr. 11-13. Plaintiff requested review from the Appeals Council. Tr. 100. The Appeals Council denied Plaintiff's request for review on November 9, 2018. Tr. 1-5. The ALJ's July 2016 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 8, 2019. ECF No. 1.

## STATEMENT OF FACTS

T.O. was born in 2009. In the fall of 2011, T.O. fell head-first off a roller coaster ride at the pumpkin patch and suffered a head laceration, skull fracture, and post-concussion syndrome. ECF No. 16-1 at 1-5. In 2013 a court settlement resulted in T.O. being awarded $23,652.11, which was placed in a restricted account for his benefit. Tr. 15. The money could not be removed until T.O. reached age 18, except by order of the court. *Id.*

---

[2] Tr. refers to the certified administrative transcript filed with the court at ECF No. 8.  Page citations are to the stamped pagination on the document and not the court-generated ECF page numbers.

REPORT AND RECOMMENDATION . . . - 2

In 2015, T.O.'s parents filed a claim for child supplemental security income. Tr. 28. The claim was approved medically, as the disability examiner found T.O. suffered from severe ADHD, anxiety, and organic mental disorder, and his impairments functionally equaled a listing based on marked impairment in attending and completing tasks and interacting and relating with others. Tr. 47-49. However, the SSI application was denied based on the settlement money from the 2011 accident, which was in an account that was deemed over the resource limit for SSI. Tr. 58, 66.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in

weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## ADMINISTRATIVE DECISION

On July 29, 2016, the ALJ issued a decision finding Plaintiff was not eligible to receive benefits under section 1613(a) of the Social Security Act. The ALJ found Plaintiff's blocked account was a resource as defined by 20 C.F.R. § 416.1201, thus placing Plaintiff above the resource limit for receipt of SSI benefits. Tr. 11-13.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's determination that Plaintiff's blocked account is a resource and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by failing to find Plaintiff financially eligible for SSI benefits.

## DISCUSSION

### I.    Applicable law

Supplemental Security Income benefits are available to disabled individuals who have income and resources below a federally-established amount. 20 C.F.R. § 416.110. Currently, the resource limit is $2,000, and includes assets that the individual owns and could convert to cash to be used for the individual's support and maintenance. 20 C.F.R. §§ 416.1201, 416.1205. All checking and savings accounts are presumed to be owned by the person designated on the account, and it is further presumed that the owner has the right to withdraw the funds and use them for his or her own support and maintenance, even if the individual or his or her agent must petition a court to withdraw the funds. Program Operations Manual System (POMS) SI 01140.200.

With respect to "conservatorship accounts" or "blocked accounts," Social Security looks to state law regarding the availability of funds for the care and

REPORT AND RECOMMENDATION . . . - 4

maintenance of an individual. If state law requires that such funds be made available, the Agency will assume, absent evidence to the contrary, that the funds are available to the individual and are therefore that individual's resource. POMS SI 01140.215. In the State of Washington, state law requires that funds held in such an account be made available for the care and maintenance of the account owner, though a court order is required for the release of funds from a conservatorship account. POMS SI SEA01140.215.

Examples of evidence contrary to the presumption that such funds are available to the individual include, but are not limited to: restrictive evidence in a court order establishing the account or in a subsequent court order, state or local procedural rules, or local court practices regarding withdrawal of funds. POMS SI 01140.215. Social Security guidance specifically applying to Region X (including Washington) notes: "Evidence to the contrary could be a statement from the court denying a petition for release of funds from the account for care and maintenance. If a guardian alleges that a court has already denied a request for release of funds for support of the owner, ask for evidence of the denial." POMS SI SEA01140.215.

**II.    Arguments**

At the administrative hearing, Plaintiff asserted that the blocked account was not available for T.O.'s care and maintenance. T.O.'s father testified that he had applied for a release of funds from the account, but he was unable to attend the hearing on the matter and was unsure of the final disposition, other than it did not result in money being paid. Tr. 110-11. The representative at the hearing also submitted letters from Plaintiff's personal injury attorney explaining that such applications are virtually never approved, and that he discouraged clients from going through the expensive process with little hope of success. Tr. 93-95.

Plaintiff argues the ALJ erred in failing to find the evidence submitted sufficient to rebut the presumption that the funds are available, and argues the ALJ

1 improperly interpreted the POMS as requiring evidence of a court order denying
2 access to the account. ECF No. 11 at 6-7.
3     Defendant argues the ALJ reasonably found Plaintiff had failed to present
4 sufficient evidence to rebut the presumption, and that that finding was supported
5 by substantial evidence. ECF No. 12 at 4-5.
6 **III.  Analysis**
7     The ALJ found T.O.'s blocked account constituted a resource. The ALJ
8 indicated that the evidence presented by Plaintiff was insufficient as a substitute
9 for a court order denying the release of funds. Tr. 13. In so holding, the ALJ stated:
10 "In order to rebut [the] presumption, the claimant *must* request that the funds be
11 released, have that request denied by the court, and present evidence of that denial..
12 . . [T]hey have not carried the burden of showing that a request for release of funds
13 has been denied." *Id.* (*emphasis added*). The ALJ went on to state: "the POMS
14 provisions cited above . . . clearly state that a request for release of funds must be
15 made prior to excluding such funds as resources." *Id.*
16     The Court finds the ALJ's decision is premised on an error of law. The
17 POMS does not require a court order denying access to an account in order to
18 overcome the presumption that it is a resource; such an order is merely one
19 example of evidence to the contrary. POMS SI 01140.215. Though the ALJ
20 considered the evidence submitted in support of Plaintiff's argument, he only
21 discussed whether the evidence was a sufficient substitute for a court order, and
22 not whether the evidence itself was sufficient to rebut the presumption.  Because
23 the ALJ misstated the law and incorrectly found a denied request for the release of
24 funds was required prior to excluding the blocked account as a resource, this claim
25 must be remanded for further proceedings.

**CONCLUSION**

27     Plaintiff argues the ALJ's decision should be reversed and remanded for an
28 immediate award of benefits. The Court has the discretion to remand the case for

1  additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292.
2  The Court may award benefits if the record is fully developed and further
3  administrative proceedings would serve no useful purpose. *Id*. Remand is
4  appropriate when additional administrative proceedings could remedy defects.
5  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further
6  proceedings are necessary for a proper determination to be made.

7  On remand, the ALJ shall reassess whether Plaintiff's blocked account is a
8  resource for purposes of SSI eligibility. Specifically, the ALJ shall consider
9  whether there is sufficient evidence to rebut the presumption that the blocked
10 account is available for T.O.'s support and maintenance.

11 Accordingly, the Court **RECOMMENDS** Plaintiff's Motion for Summary
12 Judgment, **ECF No. 11,** be **GRANTED, in part,** Defendants' Motion for
13 Summary Judgment, **ECF No. 12**, be **DENIED**, and the matter be **REMANDED**
14 to the Commissioner for additional proceedings consistent with this Report and
15 Recommendation.

## OBJECTIONS

17 Any party may object to a magistrate judge's proposed findings,
18 recommendations or report within fourteen (14) days following service with a copy
19 thereof. Such party shall file written objections with the Clerk of the Court and
20 serve objections on all parties, specifically identifying the portions to which
21 objection is being made, and the basis therefor. Any response to the objection shall
22 be filed within fourteen (14) days after receipt of the objection. Attention is
23 directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of
24 service.

25 A district judge will make a *de novo* determination of those portions to
26 which objection is made and may accept, reject, or modify the magistrate judge's
27 determination. The judge need not conduct a new hearing or hear arguments and
28 may consider the magistrate judge's record and make an independent

determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(3); LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide a copy to counsel for Plaintiff and Defendant.

**IT IS SO ORDERED.**

DATED February 18, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE